**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| MELISSA ROACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:21-cv-2167 |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Walmart, Inc. (incorrectly named Wal-Mart Stores, Inc.), by and through its attorneys, DeFranco & Bradley, P.C., remove this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1.  There is now commenced and pending in the Circuit Court for the Fifth Judicial Circuit, Vermilion County, Illinois, a certain civil action designated as No. 2020-L-046, in which Melissa Roach is plaintiff and Walmart, Inc. (incorrectly named Wal-Mart Stores, Inc.), ("Walmart") is defendant.

2.  Defendant removes this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Vermilion County, Illinois, which is within the Central District of Illinois.

## DIVERSITY OF CITIZENSHIP

3.  The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4.  Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5.  Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6.  Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8.  When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

11. On June 23, 2021, Dr. Victoria Johnson, plaintiff's treating physician, gave her deposition on notice by plaintiff. On June 26, 2021, counsel for plaintiff demanded $125,000 to settle: "This figure is based on the causation opinions provided by Dr. Johnson." The demand is in excess of the court's jurisdictional limit. (The demand correspondence is attached as Exhibit A).

*See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (explaining that a court may consider settlement demands as evidence in determining the amount in controversy for purposes of removal). Defendant had insufficient information to establish that the amount in controversy was in excess of $75,000 before June 25, 2021, because the medical bills were approximately $10,000, causation of the treatment was not established, and the medical records did not establish permanent injury based on injuries proximately caused by defendant's alleged wrongful conduct.

## TIMELINESS

12. Plaintiff filed the Complaint on July 17, 2020, and served defendant with the Complaint and Summons on July 20, 2020.

13. This notice of removal was filed within thirty days after receipt by defendant of counsel for plaintiff's settlement demand pursuant to 28 U.S.C. § 1446(b)(3) and within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c).

## NOTICE REQUIREMENTS

14. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

15. A copy of this notice of removal was filed with the Fifth Judicial Circuit, Vermilion County, Illinois, as required by 28 U.S.C. §1446(d).

16. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., removes this case to the United States District Court for the Central District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

                DeFRANCO & BRADLEY, P.C.

By /s/James E. DeFranco
    James E. DeFranco, #6181134
    Nicholas C. Martin, #6324298
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    defranco@defrancolaw.com
    martin@defrancolaw.com
    ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | | |
|---|---|---|
| MELISSA ROACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:21-cv-2167 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendants herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendants.

                                      By /s/James E. DeFranco
                                           JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 30th day of June 2021.

                    /s/Marie G. Agne
                    NOTARY PUBLIC

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| MELISSA ROACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 2:21-cv-2167 |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 30th day of June, 2021, he sent by e-mail and United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 30th day of June 2021, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the Fifth Judicial Circuit Court, Vermilion County Courthouse, Illinois.

By /s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 30th day of June 2021.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/ Marie G. Agne
NOTARY PUBLIC